JS 44 (Rev. 12/07) (cand rev 1-16-08)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**

Lisa Herrmann

**DEFENDANTS**

Ricoh Americas Corporation (erroneously sued as Lanier Worldwide)

**(b)** County of Residence of First Listed Plaintiff    Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Rukin Hyland Doria & Tindall LLP
100 Pine Street, Suite 725
San Francisco, CA 94111    Tel. (415) 421-1800

Attorneys (If Known)    **EDL**

Donna M. Rutter    **ADR**
Geoffrey M. Hash
Curiale Dellaverson Hirschfeld & Kraemer, LLP
727 Sansome Street
San Francisco, CA 94111    Tel. (415) 835-9000

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL INJURY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | **PRISONER** | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | 26 USC 7609 | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Cal. Gov. Code section 12940

Brief description of cause:
Discrimination/retaliation based on disability

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A CLASS ACTION    **DEMAND $**    CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23    **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE    4/22/08    SIGNATURE OF ATTORNEY OF RECORD

1  DONNA M. RUTTER (SBN 145704)
   drutter@cdhklaw.com
2  GEOFFREY M. HASH (SBN 227223)
   ghash@cdhklaw.com
3  CURIALE DELLAVERSON HIRSCHFELD
     & KRAEMER, LLP
4  727 Sansome Street
   San Francisco, CA 94111
5  Telephone: (415) 835-9000
   Facsimile: (415) 834-0443
6
   Attorneys for Defendants
7  RICOH AMERICAS CORPORATION (erroneously
   sued as LANIER WORLDWIDE, INC.)          E-filing
8
9                    UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT

11                    SAN FRANCISCO DIVISION

12

13  LISA HERRMANN, et al.,          CV   08      2135

14          Plaintiffs,             **(STATE CASE NO.: RG07325175)**

15  vs.                             **NOTICE OF REMOVAL TO FEDERAL**
                                    **COURT UNDER 28 U.S.C. § 1441(A)(B);**
16  LANIER WORLDWIDE, INC., a       **28 U.S.C. § 1332**
    corporation, and DOES 1 through 5
17  inclusive,                      **[DIVERSITY JURISDICTION]**

18          Defendants.             Complaint Filed: May 9, 2007

19

20  TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

21  CALIFORNIA, SAN FRANCISCO DIVISION:

22      PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1441(a),(b) and 1446,

23  Defendant RICOH AMERICAS CORPORATION ( "Defendant" or "Ricoh"), improperly

24  named in the Complaint as "Lanier Worldwide, Inc.," hereby removes the above-entitled action

25  from the Superior Court of California for Alameda County to the United States District Court for

26  the Northern District of California, San Francisco Division.

27

28

NOTICE OF REMOVAL TO FEDERAL COURT                                    4851-0556-5186
CASE NO.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1     This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because this

2     action now involves citizens of different states and the matter in controversy exceeds the sum of

3     $75,000, exclusive of interest and costs.

## PROCEDURAL BACKGROUND

5     On or about May 9, 2007, Plaintiff Lisa Herrmann filed a Complaint against Ricoh (a

6     corporation), Juan Contreras (an individual), and Deborah Korobkin (an individual), in the

7     Superior Court of the State of California for Alameda County, Case No. RG07325175

8     (hereinafter the "Complaint"). The Complaint purports to state causes of action against

9     Defendant Ricoh for: (1) Disability Discrimination in Violation of the FEHA; (2) Retaliation in

10    Violation of the FEHA; (3) Failure to Engage in the Interactive Process in Violation of the

11    FEHA; (4) Failure to Provide Reasonable Accommodation in Violation of the FEHA; and (5)

12    Wrongful Termination in Violation of Public Policy. (*See* Complaint, attached as Exhibit A the

13    Declaration of Geoffrey M. Hash in Support of Defendant's Notice of Removal ("Hash Decl.").)

14    On June 29, 2007, Defendant Ricoh filed its Answer in the Alameda County Superior

15    Court. Individual Defendants Contreras and Korobkin filed a joint Answer on September 7,

16    2007. (Copies of these Answers are included under Tabs 7 and 12 of the State Court Pleading

17    File, attached as Exhibit B to Hash Decl.)

18    On March 27, 2008, in light of a recent California decision eliminating individual

19    liability for retaliation claims, Plaintiff voluntarily dismissed the two individual Defendants.

20    (*See* "Request for Dismissal of all Claims Against Defendants Juan Contreras and Deborah

21    Korobkin Without Prejudice," attached as Exhibit C to Hash Decl.). A Request for Dismissal

22    was again filed and entered by the Superior Court for the State of California, County of

23    Alameda, on April 23, 2008. (*See* "Request for Dismissal and Entry of Dismissal of the Entire

24    Action As to Individual Defendants Juan Contreras and Deborah Korobkin attached as Exhibit E

25    to the Hash Decl.).

26    ///

27    ///

28    ///

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   ## GROUNDS FOR REMOVAL ON THE BASIS OF DIVERSITY

2   **I.    THE NOTICE OF REMOVAL IS TIMELY**

3   Removal of a complaint from state court to federal court must be effected within 30 days

4   from the date it becomes apparent that the case may be removed.  28 U.S.C. 1446(b)  The

5   operative statute provides in relevant part:

6
7   The notice of removal of a civil action or proceeding shall be filed
    within thirty days after the receipt by the defendant, through service
    or otherwise, of a copy of the initial pleading setting forth the claim
8   for relief upon which such action or proceeding is based ...

9   If the case stated by the initial pleading is not removable, a notice of
    removal may be filed within thirty days after receipt by the
10  defendant, through service or otherwise, of a copy of an amended
11  pleading, motion, order or other paper **from which it may first be
    ascertained that the case is one which is or has become**
12  **removable** ...

13  28 U.S.C. 1446(b) (emphasis added).

14  As noted, Plaintiff voluntarily requested the dismissal of the two individual defendants

15  on March 27, 2008.  Upon the dismissal of the individuals on April 23, 2008, diversity of

16  citizenship was established.  Since this Notice was filed within 30 days of Plaintiff's Request for

17  Dismissal and within just one day of actual entry of dismissal, this Notice of Removal is timely.

18  (Hash Decl., ¶¶ 4,5, and 7.)

19  **II.    THERE IS COMPLETE DIVERSITY OF CITIZENSHIP**

20  Upon the dismissal of the two individual defendants, there is complete diversity in this

21  case.  As set forth in the Complaint, Herrmann is a resident and citizen of the State of California.

22  (*See* Complaint, ¶ 1.)

23  Ricoh, the only remaining defendant, is not a citizen of California.  The citizenship of a

24  corporation is determined by the place of its incorporation and its principal place of business.

25  *Industry Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990).  As admitted by

26  Plaintiff in her Complaint and at all times since this case was filed, Ricoh was incorporated in

27

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

1   Delaware and has its principal place of business in Georgia. (*See* Complaint, ¶ 2.) Accordingly,

2   the two parties are completely diverse from one another under 28 U.S.C. §1332(a).

3   **III.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

4   　　　Under 28 U.S.C. § 1332(a), federal district courts have diversity jurisdiction over civil

5   actions where the amount in controversy exceeds $75,000, exclusive of costs and interest.

6   Although the California Code of Civil Procedure provides that "[i]f the recovery of money or

7   damages is demanded, the amount demanded shall be stated," the Plaintiff's Complaint is silent

8   as to the damages she is seeking. Cal. Code Civ. Proc. §425.10(a)(2). Nevertheless, there can

9   be little question that the damages sought by Plaintiff in this case -- including compensatory

10  damages, punitive damages and attorneys' fees – exceed $75,000.

11  　　　First, Plaintiff, through her counsel, has stipulated that the amount in controversy

12  exceeds $75,000. (*See* Stipulation By the Parties As to The Amount in Controversy, attached as

13  Exhibit D to the Hash Decl.)

14  　　　Further, where it is "unclear or ambiguous from the face of a state-court complaint

15  whether the requisite amount in controversy is pled," the Court must determine whether it is it is

16  "more likely than not" that the amount in controversy exceeds $75,000. *Guglielmino v. McKee*

17  *Foods Corporation*, 506 F.3d 696, 699 (9th Cir., 2007). The Court must consider any "sum

18  which would entail a payment" by the defendant, including damages for lost wages, lost future

19  wages, the value of lost health benefits, compensatory damages, punitive damages, and

20  attorney's fees. *Id.* at 701.

21  　　　According to the Complaint, Plaintiff's employment with Ricoh ended August 28, 2006

22  – nearly 20 months from the date of this filing. (*See, e.g.,* Complaint, ¶19). There is no doubt

23  that Plaintiff's claim for 20 months of loss wages, *plus* punitive damages, *plus* attorneys' fees is

24  more likely than not to exceed $75,000.

25  　　　In light of the above stipulation and allegations, there can be no doubt that the

26  jurisdictional amount required for diversity jurisdiction is met in this case.

27  　　　　　　　　　　　　　**CONCLUSION**

28  　　　For all of the foregoing reasons, this case is properly removed to the U.S. District Court

4

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    for the Northern District of California from the Superior Court of California for Alameda County.

2    Accordingly, Defendants give notice of their removal of this civil action.

3    Dated: April 24, 2008                 CURIALE DELLAVERSON HIRSCHFELD
                                         & KRAEMER, LLP

By: _____
                          Donna M. Rutter
                          Geoffrey M. Hash

Attorneys for Defendants
RICOH AMERICAS CORPORATION
(erroneously sued as LANIER
WORLDWIDE, INC.)

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

NOTICE OF REMOVAL TO FEDERAL COURT
CASE NO.

1

# PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3

I, the undersigned, am a resident of the State of California, over the age of eighteen years,

4

and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On April 24, 2008, I served the following document by the method indicated

5

below:

6

**CIVIL COVER SHEET; NOTICE OF REMOVAL TO FEDERAL COURT**

7

**UNDER 28 U.S.C. § 1441 (A)(B); 28 U.S.C. § 1332**

8

☐    by transmitting **via facsimile** on this date from fax number (415) 834-0443 the

9

document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error.

10

Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

11

☒    by placing the document(s) listed above in a sealed envelope(s) with postage

12

thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of

13

collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully

14

prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date

15

is more than one day after date of deposit for mailing in affidavit.

16

☐    Messenger Service by placing the document(s) listed above in a sealed envelope(s)

17

and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my

18

place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On April 24, 2008, I

19

caused to be served via messenger the above-listed documents.

☐    by **personally delivering** the document(s) listed above to the person(s) at the

20

address(es) set forth below.

21

☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day

22

following the date of consignment to the address(es) set forth below.

23

*Plaintiff's Counsel:*

24

Stephanie A. Doria, Esq.
Zachary R. Cincotta, Esq.

25

Rukin Hyland Doria & Tindall, LLP
100 Pine Street, Suite 725

26

San Francisco, CA 94111
Telephone:    (415) 421-1800

27

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

---

PROOF OF SERVICE                                                                                                 4832-6672-7170

1    I declare under penalty of perjury under the laws of the State of California that the above

2    is true and correct.  Executed on April 24, 2008, at San Francisco, California.

3                                                    Cheri McCaffrey

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28