1  DONNA M. RUTTER (SBN 145704)
   drutter@cdhklaw.com
2  GEOFFREY M. HASH (SBN 227223) ·
   ghash@cdhklaw.com
3  CURIALE DELLAVERSON HIRSCHFELD
     & KRAEMER, LLP
4  727 Sansome Street
   San Francisco, CA  94111
5  Telephone:  (415) 835-9000
   Facsimile:  (415) 834-0443
6
   Attorneys for Defendants
7  RICOH AMERICAS CORPORATION (erroneously
   sued as LANIER WORLDWIDE, INC.)
8
                  UNITED STATES DISTRICT COURT
9
                       NORTHERN DISTRICT
10
                    SAN FRANCISCO DIVISION
11

**FILED**

**APR 2 4 2008**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**E-filing**

**EDL**

12  LISA HERRMANN, et al.,                    Case No.  CV 08 2135

13             Plaintiffs,                    **(STATE CASE NO.: RG07325175)**

14  vs.                                       **DECLARATION OF GEOFFREY M.**
                                              **HASH IN SUPPORT OF DEFENDANT'S**
15  LANIER WORLDWIDE, INC., a                 **NOTICE OF REMOVAL**
    corporation, and DOES 1 through 5
16  inclusive,                                Complaint Filed:  May 9, 2007
17
               Defendants.
18
19
20       I, Geoffrey M. Hash, declare as follows:
21       1.       I am attorney admitted to practice in the State of California and before this Court.
   I am an associate at the law firm of Curiale Dellaverson Hirschfeld & Kraemer, LLP, attorneys of
22
   record for Defendant RICOH AMERICAS CORPORATION ("Ricoh") (erroneously named in
23
   the Complaint as LANIER WORLDWIDE, INC.)  I have personal knowledge of the facts stated
24
   herein and could testify competently to them if called upon to do so.
25
         2.       Attached as <u>Exhibit A</u> is a true and correct copy of the Complaint filed by Lisa
26
   Herrmann in the Superior Court of the State of California, County of Alameda, Case No.
27
   RG07325175.
28



CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECLARATION OF GEOFFREY M. HASH ISO DEFENDANT'S NOTICE OF REMOVAL
CASE NO.

4852-3073-8434

1    3.    Attached as Exhibit B is a true and correct copy of all the pleadings filed in this

2    case.

3    4.    Attached as Exhibit C is a true and correct copy of Plaintiff's "Request for

4    Dismissal of all Claims Against Defendants Juan Contreras and Deborah Korobkin Without

5    Prejudice," filed on March 27, 2008.

6    5.    Defendant Ricoh will file this Notice of Removal within 30 days of March 27,

7    2008.

8    6.    Attached as Exhibit D is a true and correct copy of the Stipulation by The Parties

9    As to The Amount in Controversy, as executed on April 22, 2008.

10    7.    Attached as Exhibit E is a true and correct copy of the Request for Dismissal and

11    Entry of Dismissal of Entire Action As to Individual Defendants Juan Contreras and Deborah

12    Korobkin, as filed by Plaintiff and entered by the Superior Court of California, County of

13    Alameda on April 23, 2008.

14    I declare under penalty of perjury under the laws of the State of California that the

15    foregoing is true and correct. Executed on this 24th day of April, 2008, in San Francisco,

16    California.

17    _____

18    Geoffrey M. Hash

19

20

21

22

23

24

25

26

27

28

2
DECLARATION OF GEOFFREY M. HASH ISO DEFENDANT'S NOTICE OF REMOVAL
CASE NO.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**EXHIBIT  A**





# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LANIER WORLDWIDE, INC., a corporation; JUAN CONTRERAS, an
individual; DEBORAH KOROBKIN, an individual; and DOES 1
through 5 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LISA HERRMANN

<div style="border:1px solid">
FOR ... USE ...
*(SOLO PARA USO DE LA CORTE)*

**FILED**
ALAMEDA COUNTY

MAY 0 9 2007

CLERK OF THE SUPERIOR COURT
By _____ Deputy
</div>

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Alameda County Superior Court<br>1225 Fallon Street,<br>Oakland, California 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>R G 0 7 3 2 5 1 7 5 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Zachary R. Cincotta, Esq., Rukin Hyland Doria & Tindall, LLP, 100 Pine Street, Suite 725, San Francisco,
California 94111, 415.421.1800

| DATE: MAY 0 9 2007 | PAT S. SWEETEN | Clerk, by | , Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

*5678545*

FOR

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | |
|---|---|
| Stephanie Doria (SBN #196825); Zachary R. Cincotta (SBN #226947) Rukin Hyland Doria & Tindall LLP 100 Pine Street, Suite 725 San Francisco, CA 94111 | |

TELEPHONE NO.: 415-421-1800    FAX NO: 415-421-1700

ATTORNEY FOR *(Name)*: Plaintiff Lisa Herrmann

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda

STREET ADDRESS: 1225 Fallon Street

MAILING ADDRESS:

CITY AND ZIP CODE: Oakland 94612

BRANCH NAME:

CASE NAME:
Herrmann v. Lanier Worldwide, Inc., et al.

FILED
ALAMEDA COUNTY

MAY 0 9 200?

CLERK OF THE SUPERIOR COURT
By _____ Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RG07325175 JUDGE: DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action *(specify)*:

5. This case [ ] is [✓] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 9, 2007

Zachary R. Cincotta, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

BY FAX

**Local Rules of the Superior Court of California, County of Alameda**

## F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: | HERRMANN v. LANIER WORLDWINE, INC. ET AL. | Case Number: |
|---|---|---|

**CIVIL CASE COVER SHEET ADDENDUM**

| THIS FORM IS REQUIRED IN ALL NEW **UNLIMITED** CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA | | | |
|---|---|---|---|

[ ] Fremont Hall of Justice  
[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)  
[ ] Hayward Hall of Justice (447)  
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| | | | |
|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 | Auto tort (G) |
| | | | **Is this an uninsured motorist case?** [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 | Asbestos (D) |
| | Product liability (24) | [ ] 89 | Product liability (**not** asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 | Civil rights (G) |
| | Defamation (13) | [ ] 84 | Defamation (G) |
| | Fraud (16) | [ ] 24 | Fraud (G) |
| | Intellectual property (19) | [ ] 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [X] 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] 85 | Other employment (G) |
| | | [ ] 53 | Labor comm award confirmation |
| | | [ ] 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 | Collections (G) |
| | Insurance coverage (18) | [ ] 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 | Unlawful Detainer - commercial | Is the deft. in possession |
| | Residential (32) | [ ] 47 | Unlawful Detainer - residential | of the property? |
| | Drugs (38) | [ ] 21 | Unlawful detainer - drugs | [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 | Writ of mandate |
| | | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)** [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 | Enforcement of judgment |
| | | [ ] 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 | Change of name |
| | | [ ] 69 | Other petition |

202-19 (5/1/2000)

ENDORSED
FILED
ALAMEDA COUNTY

MAY 0 9 2007

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

1    RUKIN HYLAND DORIA & TINDALL LLP
     Stephanie A. Doria (State Bar No. 196825)
2    Zachary R. Cincotta (State Bar No. 226947)
     100 Pine Street, Suite 725
3    San Francisco, CA 94111
     Telephone: (415) 421-1800
4    Facsimile: (415) 421-1700

5    Attorneys for Plaintiff
     Lisa Herrmann

6

7                                                **BY FAX**

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF ALAMEDA

10   LISA HERRMANN,                    **CASE NO.:**    RG07325175

11                     Plaintiff,      **(UNLIMITED CIVIL CASE)**

12                                     **COMPLAINT FOR DAMAGES**

13          vs.                        **(1) Disability Discrimination in Violation of**
                                       **the FEHA;**
14                                     **(2) Retaliation in Violation of the FEHA;**
                                       **(3) Failure to Engage in the Interactive**
15   LANIER WORLDWIDE, INC., a              **Process in Violation of the FEHA;**
     corporation; JUAN CONTRERAS, an   **(4) Failure to Provide Reasonable**
16   individual; DEBORAH KOROBKIN, an      **Accommodation in Violation of the**
17   individual; and DOES 1 through 5      **FEHA; and**
     inclusive,                        **(5) Wrongful Termination in Violation of**
18                     Defendants.         **Public Policy.**

19
                                       **DEMAND FOR JURY TRIAL**
20

21

22          Plaintiff Lisa Herrmann complains against Defendants Lanier Worldwide, Inc.

23   ("Defendant Lanier"), Juan Contreras ("Defendant Contreras"), Deborah Korobkin ("Defendant

24   Korobkin") (collectively, "Defendants") and Does 1 through 25, inclusive, as follows:

25

26                              **THE PARTIES**

27          1.      Plaintiff is, and at all times relevant hereto was, a resident and citizen of

28   California.

1     2.    Upon information and belief, Defendant Lanier is, and at all times relevant

2     hereto was, a Delaware Corporation with its principal place of business located in the State of

3     Georgia. Defendant Lanier conducts substantial business within the State of California.

4     3.    Upon information and belief, Defendant Contreras is, and at all times relevant

5     hereto was, a resident and citizen of California.

6     4.    Upon information and belief, Defendant Deborah Korobkin is, and at all times

7     relevant herein was, a resident and citizen of California.

8     5.    Plaintiff is unaware of the true names and capacities of those individuals

9     and/or entities sued herein as Does 1 through 5, inclusive, and therefore sues these defendants by

10    such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities

11    of said defendants when the same have been ascertained.

12                              **JURISDICTION AND VENUE**

13    6.    This court has jurisdiction over all causes of action asserted herein pursuant to

14    the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction

15    in all cases except those given to other trial courts.

16    7.    Plaintiff seeks damages in this case in an amount exceeding the jurisdictional

17    minimum of this Court.

18    8.    Venue in Alameda County is proper under California Government Code

19    section 12965(b) because the wrongful conduct and unlawful employment practices alleged

20    occurred in Alameda County.

21    9.    On March 12, 2007, Plaintiff filed charges of discrimination with the

22    California Department of Fair Employment & Housing ("DFEH") complaining of the conduct

23    and actions of Defendant Lanier. The DFEH issued Plaintiff a right-to-sue notice dated March

24    20, 2007. On April 10, 2007, Plaintiff filed amended charges of discrimination with the DFEH

25    complaining of the conduct and actions of Defendant. The DFEH issued Plaintiff an amended

26    right-to-sue notice dated May 7, 2007. On April 10, 2007, Plaintiff filed charges of retaliation

27    with the DFEH complaining of the conduct and actions of Defendant Contreras and Defendant

28

2

COMPLAINT FOR DAMAGES

1    Korobkin. The DFEH issued Plaintiff right-to-sue notices with respect to Defendant Contreras

2    and Defendant Korobkin dated May 7, 2007.

3                                **GENERAL ALLEGATIONS**

4            10.    In January 2004, Plaintiff began working for Defendant Lanier as a Mail

5    Room Lead Supervisor at the company's Alta Bates Summit Medical Center site. Plaintiff's job

6    duties included sorting and delivering mail, as well as mail room administrative functions.

7            11.    On or about May 2, 2005, Plaintiff's doctor diagnosed her with clinical

8    depression and Adult Attention Deficit/Hyperactivity Disorder (AD/HD). Plaintiff's doctor also

9    recommended that she take medication and undergo ongoing psychiatric therapy. This

10   recommended course of treatment would require Plaintiff to miss approximately two hours of

11   work every week.

12           12.    Plaintiff informed Defendant Korobkin, Lanier's Senior Human Resources

13   Manager, and her direct supervisor, Defendant Contreras, about her diagnosis and requested the

14   necessary time off from work to undergo treatment. Defendant Korobkin summarily refused

15   Plaintiff's request. Plaintiff then had no choice but to forego the medical testing and treatment

16   necessary for her depression and AD/HD at that time.

17           13.    In or around December 2005, Defendant Contreras told Plaintiff that he would

18   "work with her" to allow her to take time off from work to begin medical testing and treatment.

19   However, after Plaintiff took time off for a medical appointment as previously discussed with

20   Contreras, he removed Plaintiff from her position and changed her schedule to make it more

21   difficult for her to pick up her son from school.

22           14.    In early January 2006, Plaintiff called Defendant Korobkin and complained

23   about Defendant Contreras. Defendant Korobkin told Plaintiff to tell Defendant Contreras that

24   his actions were "illegal." Plaintiff followed Defendant Korobkin's instructions, but Defendant

25   Contreras continued his hostile behavior toward Plaintiff.

26           15.    Later in January 2006, Plaintiff met with Defendant Korobkin, Defendant

27   Contreras, Neal Kellum (Plaintiff's General Manager), and Serena Moore (the employee who

28   replaced Herrmann in the Alta Bates mail room), regarding Plaintiff's medical condition and need

                                                3

1  for accommodation. During the meeting, Plaintiff again explained that she needed approximately

2  two hours per week off to obtain medical treatment. In response, Defendant Korobkin told

3  Plaintiff that she could begin treatment so long as it did not interfere with her work or pose a

4  "burden" on the company and that even one medical appointment per week would be too great an

5  interference with Plaintiff's work.

6       16.  Defendants' continued refusal to allow Plaintiff to take time off for medical

7  appointments exacerbated her condition. As a result, on or about February 15, 2006, Plaintiff's

8  doctor placed her on a medical leave of absence from work until March 5, 2006. Plaintiff's

9  doctor later extended the leave of absence to March 20, 2006 and eventually through August 28,

10  2006. Each time Plaintiff's doctor extended her leave, Plaintiff forwarded medical certification to

11  Defendant Lanier and contacted Defendant Contreras. During these conversations, Defendant

12  Contreras often made harassing and inappropriate comments to Plaintiff such as "Hey, crazy" and

13  "We have a bed waiting for you in Herrick [the psychiatric ward at Alta Bates]."

14       17.  On or about August 21, 2006, Plaintiff's doctor extended her leave through

15  October 28, 2006. As before, Plaintiff forwarded medication certification to Defendant Lanier

16  and contacted Defendant Contreras.

17       18.  On or about Saturday, August 26, 2006, Plaintiff received a letter from

18  Defendant Korobkin dated August 24, 2006, which stated that Defendant Lanier would not

19  provide Plaintiff continued medical leave. Defendant Korobkin also stated that Defendant Lanier

20  would only permit a maximum disability leave of six months because Plaintiff had less than five

21  years of service with the company. Finally, Defendant Korobkin stated that if Plaintiff did not

22  return to work on Monday, August 28, 2006, with a complete medical release, Defendant Lanier

23  would terminate her employment.

24       19.  Defendants' decision to deny Plaintiff leave left Plaintiff, a single mother, in a

25  desperate position. On or about August 28, 2006, Plaintiff contacted her doctor, explained the

26  situation, and asked him to release her to return to work. Plaintiff's doctor reluctantly agreed, but

27  stated that he was not in the office would not be able to provide a release until the following day.

28  After talking to her doctor, Plaintiff called Defendant Korobkin and told her that she would

<div align="center">4</div>

1   provide a medical release to return to work the next day. However, Defendant Korobkin told

2   Plaintiff not to bother forwarding the doctor's note as Defendant Lanier intended to fire her either

3   way. Defendant Lanier then terminated Plaintiff's employment effective August 28, 2006.

### FIRST CAUSE OF ACTION
**Disability Discrimination in Violation of the FEHA**
**(California Government Code § 12940(a))**
**(Against Defendant Lanier Worldwide, Inc.)**

7      20.   Plaintiff incorporates by reference in this cause of action each allegation of

8   paragraphs 1 through 19, inclusive, as though fully set forth herein.

9      21.   Pursuant to California Government Code section 12940(a), it is an unlawful

10   employment practice for an employer to discriminate against any employee in the terms,

11   conditions, or privileges of employment on account of his or her disability.

12      22.   Defendant's conduct as alleged herein constitutes unlawful discrimination in

13   violation of Government Code section 12940(a).

14      23.   As a direct and proximate result of the unlawful actions Defendant

15   committed, Plaintiff suffered damages and continues to suffer damages, including, but not limited

16   to, emotional distress, economic injury and loss, and the loss of her employment and the damages

17   she incurred as a result.

18      24.   In taking these actions, Defendant acted with malice, fraud and oppression,

19   and in reckless disregard of Plaintiff's rights.

### SECOND CAUSE OF ACTION
**Retaliation in Violation of the FEHA**
**(California Government Code § 12940(h))**
**(Against All Defendants)**

23      25.   Plaintiff incorporates by reference in this cause of action each allegation of

24   paragraphs 1 through 24, inclusive, as though fully set forth herein.

25      26.   California Government Code section 12940(h) prohibits an employer from

26   retaliating against an employee for engaging in activity protected by the FEHA.

27      27.   As set forth above, Defendants subjected Plaintiff to adverse employment

28   actions, including but not limited to termination, because Plaintiff exercised her right to request

<div align="center">5</div>

1    reasonable accommodations for her disabilities. Defendants' conduct constitutes unlawful

2    retaliation in violation of Government Code section 12940(h).

3         28.     As a direct and proximate result of the unlawful actions Defendants

4    committed, Plaintiff suffered damages and continues to suffer damages, including, but not limited

5    to, emotional distress, economic injury and loss, and the loss of her employment and the damages

6    she incurred as a result.

7         29.     In taking these actions, Defendants acted with malice, fraud and oppression,

8    and in reckless disregard of Plaintiff's rights.

9                              **THIRD CAUSE OF ACTION**
                      **Failure to Engage in the Interactive Process**
10                        **(California Government Code § 12940(n))**
                      **(Against Defendant Lanier Worldwide, Inc.)**
11

12        30.     Plaintiff incorporates by reference in this cause of action each allegation of

13   paragraphs 1 through 29, inclusive, as though fully set forth herein.

14        31.     Pursuant to California Government Code section 12940(n), it is an unlawful

15   employment practice for an employer to fail to engage in a timely, good faith, interactive process

16   with an employee to determine an effective reasonable accommodation in response to an

17   employee request for accommodation.

18        32.     As set forth herein, Defendant refused to engage in a good faith interactive

19   process with Plaintiff regarding accommodation for Herrmann's disabilities. Defendant's

20   conduct constitutes an unlawful failure to engage in an interactive process in violation of

21   Government Code section 12940(n).

22        33.     As a direct and proximate result of the unlawful actions Defendant

23   committed, Plaintiff suffered damages and continues to suffer damages, including, but not limited

24   to, emotional distress, economic injury and loss, and the loss of her employment and the damages

25   she incurred as a result.

26        34.     In taking these actions, Defendant acted with malice, fraud and oppression,

27   and in reckless disregard of Plaintiff's rights.

28

6

1

## FOURTH CAUSE OF ACTION
**Failure to Provide Reasonable Accommodation**
**(California Government Code § 12940(m))**
**(Against Defendant Lanier Worldwide, Inc.)**

2

3

4    35.    Plaintiff incorporates by reference in this cause of action each allegation of

5    paragraphs 1 through 34, inclusive, as though fully set forth herein.

6    36.    Pursuant to California Government Code section 12940(m), it is an unlawful

7    employment practice for an employer to fail to make a reasonable accommodation for the known

8    disability of an employee.

9    37.    Defendant's conduct as alleged herein constitutes an unlawful failure to

10    accommodate in violation of Government Code section 12940(m).

11    38.    As a direct and proximate result of the unlawful actions that Defendant

12    committed, Plaintiff suffered damages and continues to suffer damages, including, but not limited

13    to, emotional distress, economic injury and loss, and the loss of her employment and the damages

14    she incurred as a result.

15    39.    In taking these actions, Defendant acted with malice, fraud and oppression,

16    and in reckless disregard of Plaintiff's rights.

17

## FIFTH CAUSE OF ACTION
**(Wrongful Termination in Violation of Public Policy)**
**(Against All Defendants)**

18

19    40.    Plaintiff incorporates by reference in this cause of action each allegation of

20    paragraphs 1 through 39, inclusive, as though fully set forth herein.

21    41.    As set forth herein, Defendants subjected Plaintiff to adverse employment

22    actions, including but not limited to termination of her employment, on account of her disabilities,

23    her requests for reasonable accommodation of her disabilities, and her medical leave of absence

24    necessary to undergo treatment for her disabilities. In doing so, Defendants violated the

25    fundamental, substantial and well-established public policies of the United States and of the State

26    of California.

27    42.    As a direct and proximate result of the unlawful actions Defendants

28    committed, Plaintiff suffered damages and continues to suffer damages, including, but not limited

7

1  to, emotional distress, economic injury and loss, and the loss of her employment and the damages

2  she incurred as a result.

3        43.    In taking these actions, Defendants acted with malice, fraud and oppression,

4  and in reckless disregard of Plaintiff's rights.

5  <div align="center">**REQUEST FOR RELIEF**</div>

6        WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

7  follows:

8      a.    For special damages, including lost wages and benefits of employment, and other

9  economic and incidental damages, past and future, according to proof;

10      b.    For general damages, including pain, suffering, mental injury, and emotional

11  distress, according to proof;

12      c.    For punitive damages;

13      d.    For an award of reasonable attorneys' fees and costs;

14      e.    For prejudgment interest and post judgment interest as allowed by law; and

15      f.    For such other and further relief, in law or equity, as this Court may deem

16  appropriate and just.

17

18  <div align="center">**DEMAND FOR JURY TRIAL**</div>

19      Plaintiff demands a trial by jury.

20

21  Dated: May 9, 2007                  RUKIN HYLAND DORIA & TINDALL LLP

22                       By:

23                              ZACHARY R. CINCOTTA

24                          Attorneys for Plaintiff Lisa Herrmann

25

26

27

28

<div align="center">8</div>

ALT.  :ATIVE DISPUTE RESOLUTION

**~NFORMATION PACKAGE**

**Effective April 15, 2005**

## Instructions to Plaintiff / Cross-Complainant

In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff
is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the
complaint, an Alternative Dispute Resolution (ADR) information package that
includes, at a minimum, all of the following:

> (1) General information about the potential advantages and disadvantages
> of ADR and descriptions of the principal ADR processes . . .

> (2) Information about the ADR programs available in that court . . .

> (3) In counties that are participating in the Dispute Resolution Programs
> Act (DRPA), information about the availability of local dispute resolution
> programs funded under the DRPA . . .

> (4) An ADR stipulation form that parties may use to stipulate to the use
> of an ADR process.

(b) Court may make package available on Web site . . .

**(c) The plaintiff must serve a copy of the ADR information package on
each defendant along with the complaint. Cross-complainants must serve a
copy of the ADR information package on any new parties to the action
along with the cross-complaint.**

Lev 4/05

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

Rev 4/05

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The **California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The **State Bar of California** administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

**Mediation Services**
**222278 Redwood Road, Castro Valley, CA 94546**
Phone: (510) 733-4940    fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
**·1968 San Pablo Avenue, Berkeley, CA 94702-1612**
Phone: (510) 548-2377    fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**
Phone: (510) 768-3100   fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**1789 Barcelona Street, Livermore, CA 94550**
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
**1212 Broadway Street, Suite 837, Oakland, CA 94612**
Phone: (510) 444-6351   fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

## ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

## The Judicial Arbitration Process

### Appointment of Arbitrator (must be appointed within 30 days after referral per *CRC 1605*).

⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

### Assignment of Case *(CRC 1605a(4))*

⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

### Hearings *(CRC 1611)*

⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

### Award of Arbitrator *(CRC 1615b & c)*

⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

### Return of Case to Court

⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

Rev 4/05

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
|---|---|---|
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Case No.: _____

Plaintiff

vs.

**STIPULATION FOR ALTERNATIVE
DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

**ORDER**

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

**EXHIBIT  B**

# RICOH AMERICAS CORPORATION (LANIER)
## HERRMANN, Lisa
### SUPERIOR COURT OF CALIFORNIA
#### COUNTY OF ALAMEDA
##### PLEADINGS INDEX
[C/M# 14357-023]

| TAB | DATE | DESCRIPTION | FILED BY: |
|---|---|---|---|
| 01 | 05/09/07 | Complaint – Wrongful Termination Filed | HERRMANN |
| 02 | 05/09/07 | Civil Case Cover Sheet Filed for Lisa Herrmann | HERRMANN |
| 03 | 05/09/07 | Summons on Complaint Issued and Filed | HERRMANN |
| 04 | 05/10/07 | Initial Case Management Conference 09/21/2007 09:00 AM D-114 | COURT |
| 05 | 05/10/07 | Notice of Judicial Assignment for All Purposes Issued | COURT |
| 06 | 05/17/07 | Proof of Personal Service on Complaint – Wrongful Termination As to Lanier Worldwide, Inc., a corporation | HERRMANN |
| 07 | 06/29/07 | Answer to Complaint Filed for Lanier Worldwide, Inc., a corporation, Juan Contreras, Deborah Korobkin | RICOH |
| 08 | 07/10/07 | Proof of Service on Complaint As to Deborah Korobkin Filed | HERRMANN |
| 09 | 07/10/07 | Proof of Service on Complaint As to Juan Contreras Filed | HERRMANN |
| 10 | 08/16/07 | Hearing Reset to Initial Case Management Conference 09/21/2007 09:00 AM D-8 | COURT |
| 11 | 09/06/07 | Case Management Statement of Lisa Herrmann Filed | HERRMANN |
| 12 | 09/07/07 | Answer to Complaint Filed for Juan Contreras, Deborah Korobkin | CONTRERAS, KOROBKIN |
| 13 | 09/07/07 | Case Management Statement of Lanier Worldwide, Inc., a corporation, Juan Contreras, Deborah Korobkin | RICOH |
| 14 | 09/21/07 | Case Management Conference Commenced and Completed | COURT |
| 15 | 09/21/07 | Case Management Conference Order Issued | COURT |
| 16 | 11/06/07 | Stipulation and Order Re: Protective Orders Filed for Lisa Herrmann | HERRMANN |
| 17 | 11/14/07 | Hearing Reset to Case Management Conf Continuance 01/14/2008 09:00 AM D-23 | COURT |
| 18 | 12/18/07 | Stipulation and Order Re: Protective Orders Granted in Part | COURT |
| 19 | 12/31/07 | Case Management Statement of Lanier Worldwide, Inc., a corporation Filed | RICOH |
| 20 | 01/02/08 | Case Management Statement of Lisa Herrmann Filed | HERRMANN |
| 21 | 01/14/08 | Case Management Conference Commenced and Completed | COURT |
| 22 | 01/14/08 | Case Management Conference Order Issued | COURT |
| 23 | 03/24/08 | Case Management Statement of Lanier Worldwide, Inc., a corporation Filed | RICHO |
| 24 | 03/27/08 | Case Management Statement of Lisa Herrmann Filed | HERRMANN |
| 25 | 03/27/08 | Request Re: Other Ex parte Filed (Request for Dismissal) | HERRMANN |
| 26 | 04/08/08 | Case Management Conference Commenced and Completed | COURT |
| 27 | 04/08/08 | Case Management Conference Order Issued | COURT |
| 28 | 04/23/08 | Request for Dismissal and Entry of Dismissal of Entire Action As to Individual Defendants Juan Contreras and Deborah Korobkin | HERRMANN /COURT |


*6495604*

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Stephanie A. Doria (SBN 196825)<br>Rukin Hyland Doria & Tindall LLP<br>100 Pine Street, Suite 725<br>San Francisco, CA 94111 | 415-421-1800 | **FILED**<br>ALAMEDA COUNTY<br>APR 2 3 2008<br>CLERK OF THE SUPERIOR COURT<br>By _Esther Col_ Deputy |

ATTORNEY FOR *(Name)*:  Plaintiff Lisa Herrmann

Insert name of court and name of judicial district and branch court, if any:

Alameda County Superior Court

PLAINTIFF/PETITIONER:  Lisa Herrmann

DEFENDANT/RESPONDENT:  Lanier Worldwide, Inc., et al.

| REQUEST FOR DISMISSAL<br>☐ Personal Injury, Property Damage, or Wrongful Death<br>  ☐ Motor Vehicle  ☐ Other<br>☐ Family Law<br>☐ Eminent Domain<br>☑ Other *(specify)*:  Employment | CASE NUMBER:<br>RG 07325175 |
|---|---|

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

**BY FAX**

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) ☐ With prejudice    (2) ☑ Without prejudice
   b. (1) ☐ Complaint    (2) ☐ Petition
      (3) ☐ Cross-complaint filed by *(name)*:                    on *(date)*:
      (4) ☐ Cross-complaint filed by *(name)*:                    on *(date)*:
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☑ Other *(specify)*:* Entire action as to individual defendants Juan Contreras and Deborah Korobkin

Date: April 23, 2008

Stephanie A. Doria

(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

(SIGNATURE)

Attorney or party without attorney for:
☑ Plaintiff/Petitioner        ☐ Defendant/Respondent
☐ Cross - complainant

2. TO THE CLERK: Consent to the above dismissal is hereby given.**

Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

** If a cross-complaint-or Response (Family Law) seeking affirmative relief -is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

(SIGNATURE)

Attorney or party without attorney for:
☐ Plaintiff/Petitioner        ☐ Defendant/Respondent
☐ Cross - complainant

(To be completed by clerk)
3. ☐ Dismissal entered as requested on *(date)*:
4. ☐ Dismissal entered on *(date)*:                    as to only *(name)*:
5. ☐ Dismissal not entered as requested for the following reasons *(specify)*:

**DISMISSAL ENTERED**
APR 2 3 2008

6. ☐ a. Attorney or party without attorney notified on *(date)*:
      b. Attorney or party without attorney not notified. Filing party failed to provide
         ☐ a copy to conformed ☐ means to return conformed copy.

Esther Coleman
Deputy

Date:                              Clerk, by _____, Deputy

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. January 1, 2007] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.;<br>Cal. Rules of Court, rule 3.1390<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

3