RUKIN HYLAND DORIA & TINDALL LLP
STEPHANIE A. DORIA (SBN 196825)
ZACHARY R. CINCOTTA (SBN 226947)
100 Pine Street, Suite 725
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

Attorneys for Plaintiff
LISA HERRMANN

CURIALE DELLAVERSON HIRSCHFELD
& KRAEMER, LLP
DONNA M. RUTTER (SBN 145704)
GEOFFREY M. HASH (SBN 227223)
727 Sansome Street
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendant
RICOH AMERICAS CORPORATION
(erroneously sued as LANIER WORLDWIDE, INC.),

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA HERRMANN,<br><br>Plaintiff(s),<br><br>vs.<br><br>LANIER WORLDWIDE, INC.,<br><br>Defendant(s). | CASE NO.: C 08-02135 EDL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**DESCRIPTION OF THE CASE**

1. **A brief description of the events underlying the action:**

Plaintiff Lisa Herrmann contends that she suffers from clinical depression and Adult Attention Deficit/Hyperactivity Disorder (AD/HD). Plaintiff began her employment with Defendant Lanier Worldwide, Inc. in January 2004 as a Mail Room Lead Supervisor at Defendant's Alta Bates Summit Medical Center. In January 2006, Plaintiff's physician placed her on a medical leave of absence because of, and to seek treatment for, her disabilities. While on medical leave, Plaintiff forwarded medical documentation of her disability and medical leave to Defendant. Defendant granted Plaintiff's initial request for a leave of absence, as well as multiple extensions to that initial leave. Ultimately, Defendant terminated Plaintiff while she was still on leave due in part to Defendant's policy of employee's receiving a maximum six months of medical leave if they have only worked with Defendant for five years or less.

Plaintiff alleges that Defendant discriminated against her because of her disabilities, retaliated against her because of her protected activities, failed to provide reasonable accommodation and failed to engage in a good faith interactive process in violation of the California Fair Employment and Housing Act (FEHA). Plaintiff also alleges that Defendant wrongfully terminated her employment in violation of California's public policy.

Defendant contends that it did in fact reasonably accommodate Plaintiff's alleged disability by granting her more than six (6) months of leave, including multiple requests for extensions during that total leave period. Defendant also contends that it actually initiated the interactive dialogue with Plaintiff. Moreover, Defendant maintains that it did this despite the fact that Plaintiff's work history was plagued with documented incidents of insubordination, attendance problems, and other serious performance issues. Defendant further contends that, at the time it terminated her, Plaintiff was essentially requesting an indefinite leave of absence, which constituted an undue hardship given Defendant's business, Plaintiff's duties, costs associated with temporary employees, and other issues (e.g., employee morale, lost productivity,

2

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

etc.).

2. **The principal factual issues which the parties dispute:**

   - Whether, at the time of her termination in August 2006, Plaintiff required further medical leave or other accommodation.

   - Whether Defendant changed Plaintiff's work schedule and the reasons for any such change.

   - Whether Defendant changed Plaintiff's job title or duties and the reasons for any such change.

   - When Plaintiff gave Defendant and/or its agents notice of her alleged disability.

   - When Plaintiff was actually diagnosed with her alleged disability.

   - Whether Defendant and/or its agents made any statements to Plaintiff regarding the legality (or illegality) of its own actions.

   - Whether Defendant refused to grant Plaintiffs request(s) for time off to attend to her medical needs (including the extent to which such requests were actually refused and the reason(s) for any such refusal).

3. **The principal legal issues which the parties dispute:**

   - Plaintiff's counsel contends that the following is a principal legal issue: Whether Defendant's leave policy – providing a maximum medical leave of six months for employees with five years or less tenure – constitutes a per se violation of the FEHA, California Government Code sections 12940, *et seq*. However, Defendant's counsel maintains that this is not a principal legal issue in dispute, but is rather part of the threshold or principal issues regarding: (1) whether Defendant engaged in the interactive process with Plaintiff; and (2) whether Defendant provided Plaintiff with a reasonable accommodation.

3

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

- Whether Defendant discriminated against Plaintiff because of her disabilities, in violation of the FEHA, California Government Code sections 12940, *et seq.*

- Whether Defendant retaliated against Plaintiff, in violation of the FEHA, California Government Code sections 12940, *et seq.*

- Whether Defendant failed to engage in a good faith interactive process in violation of the FEHA, California Government Code sections 12940, *et seq.*

- Whether Defendant failed to provide reasonable accommodation to Plaintiff in violation of the FEHA, California Government Code sections 12940, *et seq.*

- Whether Plaintiff's termination violated California's public policy as established by the FEHA.

- Whether providing additional medical leave to Plaintiff would have constituted an undue burden for Defendant.

- Whether Plaintiff is entitled to punitive damages.

- Whether Plaintiff is entitled to economic damages.

- Whether Plaintiff has sufficiently mitigated any alleged damages she attributes to Defendant and the amount of any off-set for failure to sufficiently mitigate her damages.

4. **The other factual issues which remain unresolved for the reasons stated below and how the parties propose to resolve those issues:** None.

5. **The parties which have not been served and the reasons:** None.

6. **The additional parties that the below-specified parties intend to join and the intended time frame for such joinder:** None.

### CONSENT TO MAGISTRATE JUDGE FOR TRIAL

7. **Parties consent to assignment of this case to a United States Magistrate Judge for jury trial:** __X__ Yes ____ No

4

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

## ALTERNATIVE DISPUTE RESOLUTION

8. The parties have already been assigned *[or the parties have agreed]* **to the following court ADR process** *[e.g., Nonbinding Arbitration, Early Neutral Evaluation, Mediation, Early Settlement Conference with a Magistrate Judge]*: None.

9. **The ADR process to which the parties jointly request** *[or a party separately requests]* **referral:**

Plaintiff is willing to participate in private mediation. Defendant is willing to participate in Early Neutral Evaluation administered by the Court's ADR services.

## DISCLOSURES

10. The parties certify they have served or will serve their Initial Disclosures by August 5, 2008.

## DISCOVERY & MOTIONS

11. **The parties agree to the following discovery plan:** *[Describe the plan, e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]*:

Plaintiff filed her Complaint in Alameda County Superior Court on May 9, 2007. Prior to removal to this Court, the parties conducted considerable written discovery. Defendant also completed the deposition of Plaintiff, and Plaintiff's counsel deposed Deborah Korobkin, Defendant's Human Resources representative.

The parties agreed that any remaining written and expert discovery and depositions will be subject to the limitations set forth in the Federal Rules of Civil Procedure, except as otherwise ordered by the Court following a showing of good cause.

Defendant may file a motion for summary judgment or summary adjudication and other discovery motions as required.

## TRIAL SCHEDULE

12. **The parties request a trial date as follows:** Any time following March 31, 2009

13. **The parties expect that the trial will last for the following number of days:** 7-10 court days.

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

///

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

DATED: July 29, 2008                RUKIN HYLAND DORIA & TINDALL LLP

By: _____
ZACHARY CINCOTTA
Attorneys for Plaintiff LISA HERRMANN

DATED: July 29, 2008                CURIALE DELLAVERSON HIRSCHFELD
& KRAEMER, LLP


By: _____
GEOFFREY M. HASH
Attorneys for Defendant LANIER WORLDWIDE, INC.

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

**In addition the Court orders:** *[The Court may wish to make additional orders, such as:*
*a. Referral of the parties to court or private ADR process;*
*b. Schedule a further Case Management Conference;*
*c. Schedule the time and content of supplemental disclosures;*
*d. Specially set motions;*
*e. Impose limitations on disclosure or discovery;*
*f. Set time for disclosure of identity, background and opinions of experts;*
*g. Set deadlines for completing fact and expert discovery;*
*h. Set time for parties to meet and confer regarding pretrial submissions;*
*I. Set deadline for hearing motions directed to the merits of the case;*
*j. Set deadline for submission of pretrial material;*
*k. Set date and time for pretrial conference;*
*l. Set a date and time for trial.]*


Plaintiff is ordered to serve a copy of this order on any party subsequently joined in this action.



Dated: _____
ELIZABETH D. LAPORTE
United States Magistrate Judge

| | | |
|---|---|---|
| 1 | DATED: July 29, 2008 | RUKIN HYLAND DORIA & TINDALL LLP |

By: _____
ZACHARY CINCOTTA
Attorneys for Plaintiff LISA HERRMANN

DATED: July 29, 2008            CURIALE DELLAVERSON HIRSCHFELD
                                & KRAEMER, LLP


By: /s/ Geoffrey M. Hash
GEOFFREY M. HASH
Attorneys for Defendant LANIER WORLDWIDE, INC.

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

**In addition the Court orders:** *[The Court may wish to make additional orders, such as:*
*a. Referral of the parties to court or private ADR process;*
*b. Schedule a further Case Management Conference;*
*c. Schedule the time and content of supplemental disclosures;*
*d. Specially set motions;*
*e. Impose limitations on disclosure or discovery;*
*f. Set time for disclosure of identity, background and opinions of experts;*
*g. Set deadlines for completing fact and expert discovery;*
*h. Set time for parties to meet and confer regarding pretrial submissions;*
*I. Set deadline for hearing motions directed to the merits of the case;*
*j. Set deadline for submission of pretrial material;*
*k. Set date and time for pretrial conference;*
*l. Set a date and time for trial.]*


Plaintiff is ordered to serve a copy of this order on any party subsequently joined in this action.


Dated: _____
ELIZABETH D. LAPORTE
United States Magistrate Judge